**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

MALCOLM WASHINGTON,

                          Plaintiff,

                  v.                                                          3:26-CV-1154
                                                                               (DNH/DJS)

WILLIAM C. PELELLA,

                          Defendant.

**APPEARANCES:**

MALCOLM WASHINGTON
Plaintiff, *Pro Se*
Endicott, New York 13760

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk sent to the Court for review a Complaint filed by *pro se* Plaintiff Malcolm Washington.  Dkt. No. 1.  Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted.

This is at least the third lawsuit commenced by Plaintiff against Judge William Pelella regarding the Judge's handling of a state criminal matter involving Plaintiff. *Washington v. Pelella*, 8:21-CV-768 (DNH/DJS) ("*Washington I*"); *Washington v.*

- 1 -

*Pelella*, 3:25-CV-229 (DNH/DJS) ("*Washington II*").  Each of the previous actions, like this matter, asserted claims under 42 U.S.C. § 1983.  Each was dismissed because Judge Pelella enjoyed absolute judicial immunity.  *See Washington I*, Dkt. Nos. 6 & 9; *Washington II*, Dkt. Nos. 8 & 12.  *Washington II* was also subject to dismissal based on the expiration of the statute of limitations.  *Washington II*, Dkt. Nos. 8 & 12.

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed in *forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Judicial immunity is an established basis for dismissal under this standard.  *See*, *e.g.*, *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015), *aff'd*, 639 F. App'x 38 (2d Cir. 2016); *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 240 (D. Conn. 2010).

Plaintiff alleges that Judge Pelella "violated [his] constitutional rights of due process by overseeing [his] 440.10 motion."  Compl. at p. 2.  The Complaint, however, offers little detail beyond that allegation.  *Id.* at pp. 2-3.

The Court once again recommends dismissal of the Complaint on the basis of judicial immunity.  The Second Circuit has held that "absolute immunity is appropriate for judges in the exercise of their judicial function."  *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Fields v. Soloff*,

920 F.2d 1114, 1119 (2d Cir. 1990)).  Judicial immunity is applicable to conduct taken by the court as part of its judicial power and authority, and its absolute protection extends to all judicial acts except those performed in the clear absence of all jurisdiction.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967).  The Supreme Court has emphasized that the scope of a judge's jurisdiction must be construed broadly.  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)).  Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). If the nature of the act is "a function normally performed by a judge," the judge is acting within his judicial capacity and immunity is appropriate.  *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  Here, the bare allegations in the Complaint make clear that Plaintiff objects to the handling of his motion by the judge assigned to the case.  Compl. at p. 2.  That is a judicial act for which Defendant is immune.  *Bellevue v. City of New York*, 2025 WL 845173, at *3 (E.D.N.Y. Mar. 18, 2025).

Where the grounds for dismissal offer no basis for curing the defects in the pleading, granting leave to amend would be futile.  *See Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015).  Here, the basis for dismissal is judicial immunity. Therefore, the defect in the pleading is substantive, and allowing Plaintiff leave to amend the Complaint would be fruitless.  *See Jackson v. Pfau*, 523 F. App'x 736, 737 (2d Cir. 2013) (summary order).  Therefore, this claim should be dismissed with prejudice.  *See*

- 3 -

*Peterkin v. Intschert*, 2012 WL 386621, at \*2 (N.D.N.Y. Feb. 7, 2012) (dismissing claim with prejudice on the basis of judicial immunity).

Accordingly, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated:   June 22, 2026
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).